IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS INDUSTRIAL TOOLS, INC. )<br>d/b/a/ JMK/IIT, INC. and JMK SALES, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DIAMOND VISIONS, INC. and )<br>ROBERT W. HEINZEL, )<br>)<br>Defendants. )<br>) | Case No.: 08 C 1544<br>Trial by Jury Demanded |

**AGREED CONSENT ORDER FOR
INJUNCTIVE AND OTHER RELIEF**

The plaintiffs ILLINOIS INDUSTRIAL TOOLS, INC. d/b/a JMK/IIT, INC. and JMK SALES, INC. (collectively, "JMK/IIT") and defendants DIAMOND VISIONS, INC. and ROBERT W. HEINZEL, by their respective attorneys, stipulate, consent and agree to entry of the following Order.:

**FINDINGS**

1. This Court has subject matter jurisdiction over this matter because it raises a federal question pursuant to 28 U.S.C. § 1331. This Court likewise has personal jurisdiction over the parties.

2. Plaintiffs filed their Verified Complaint on March 18, 2008 requesting monetary and injunctive relief and alleging that the Defendants had infringed JMK/IIT's trademark, "JMK," in violation of the Lanham Act, violated the Illinois Deceptive Trade Practices Act, violated the Illinois Consumer Fraud and Deceptive Business Practices

QBACTIVE\6219591.3

Act, tortiously interfered with Plaintiffs' prospective economic advantage, and engaged in business against Plaintiffs. Plaintiffs also alleged that Heinzel breached contracts by violating covenants not to compete, breached his duty of loyalty to JMK/IIT, and sought monetary and injunctive relief. JMK/IIT sought, *inter alia*, to enjoin the Defendants from any further usage of the "JMK" mark, and from any further violations of the covenants not to compete that Heinzel signed.

3. Defendants deny the allegations made by JMK/IIT in the Action, including but not limited to the allegations that the Settling Defendants infringed on any alleged trademarks of JMK/IIT in violation of any state or federal law or that the Settling Defendants acted in any way to harm JMK/IIT. Robert Heinzel further denies that he breached any Covenant Not to Compete or any duty to JMK/IIT. Robert Heinzel further alleges that the failure of IIT to pay amounts due under a Note constitutes a breach by IIT of the Note, and further allege that a breach, if proved, would terminate any and all obligations of Robert Heinzel under the covenant not to compete.

4. To avoid further litigation and prevent the unauthorized use of the JMK/IIT trademark, the parties agree to the entry of this Order.

**TERMS OF CONSENT ORDER**

5. Defendants agree not to manufacture, distribute, market or sell any product using the name "JMK" (the JMK mark), or otherwise use in commerce in any manner the name "JMK", unless done in cooperation with JMK/IIT and with the written consent of JMK/IIT.

QBACTIVE\6219591.3                              2

6. Defendants further agree not to import, purchase, market, sell or distribute, and are hereby enjoined from importing, purchasing, marketing, selling or distributing, the products identified in Exhibit A regardless of whether the product bears or is referred to by a different item number. The Parties agree that, notwithstanding this provision or any other provision to the contrary, Defendants shall be permitted to import, purchase, market, sell or distribute the products identified in Exhibit A if said efforts are made in cooperation with or for the exclusive benefit of JMK/IIT. The Parties further agree that, notwithstanding this provision or any other provision to the contrary, Defendants will be able to sell and distribute any product that is not identified in Exhibit A, including but not limited to sunglasses and reading glasses. Items may be removed from, but not added to, Exhibit A with the express written consent of JMK/IIT.

7. Notwithstanding the terms of this Order, the Parties expressly agree that Defendants shall be permitted until June 15, 2008 to sell any of the items listed in Exhibit B to this Order that they had in their inventory as of April 8, 2008. The time period provided in this paragraph for selling items in Defendants' inventory may be extended with the written consent of JMK/IIT.

8. The parties' obligations herein shall expire on January 28, 2010, with the exception of Defendants' obligation listed above in Paragraph 5 to refrain from any unauthorized use of the JMK mark.

9. This Court shall retain jurisdiction to enforce this Order and over the parties. Unless otherwise stated herein, the parties agree that this Court shall have exclusive jurisdiction and venue over any and all disputes arising under this Order.

10. The Parties have entered into a confidential settlement agreement relating to all pending claims. Accordingly, all claims against Defendants are dismissed with prejudice and without costs.

Dated this 27th day of May, 2008.

JUDGE JOHN W. DARRAH
United States District Judge

Reviewed and Accepted by:                    Approved as to Form by:

_____              _____
ILLINOIS INDUSTRIAL TOOLS, INC.             Counsel for ILLINOIS INDUSTRIAL
d/b/a JMK/IIT, INC. and JMK SALES,          TOOLS, INC. d/b/a JMK/IIT, INC. and
INC.                                         JMK SALES, INC.

Date: _____             Date: _____


Reviewed and Accepted by:                    Approved as to Form by:

*/s/ Robert Heinzel/*                        */s/ Counsel/*
_____              _____
ROBERT HEINZEL and DIAMOND                  Counsel for ROBERT HEINZEL and
VISIONS INC.                                 DIAMOND VISIONS INC.

Date: 5-13-08                                Date: 5/14/2008

Reviewed and Accepted by:

*(signature)*

ILLINOIS INDUSTRIAL TOOLS, INC. d/b/a JMK/IIT, INC. and JMK SALES, INC.

Date: 12 May, 2008

Reviewed and Accepted by:

_____

ROBERT HEINZEL and DIAMOND VISIONS INC.

Date:_____

Approved as to Form by:

*(signature)*

Counsel for ILLINOIS INDUSTRIAL TOOLS, INC. d/b/a JMK/IIT, INC. and JMK SALES, INC.

Date: 12 May 2008

Approved as to Form by:

_____

Counsel for ROBERT HEINZEL and DIAMOND VISIONS INC.

Date:_____

## CERTIFICATE OF SERVICE

I, Christopher T. Sheean, an attorney, hereby certify that I caused a copy of the foregoing **Agreed Consent Order for Injunctive and Other Relief** to be filed via the CM/ECF electronic filing system on this **16th day of May, 2008.**

/s/ Christopher T. Sheean

1879308-1